IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE EDWARD JARRELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:1:16-CV-652-WKW |
| | )                   (WO) |
| PHILLIP SMALL, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by George Edward Jarrell ("Jarrell"), a frequent federal litigant presently incarcerated at the Houston County Jail. In this complaint, Jarrell challenges actions taken against him during his arrest in September of 2014.

**II. DISCUSSION**

Upon initiation of this case, Jarrell filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Doc. No. 2*. However, 28 U.S.C. § 1915(g) directs that a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

1

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The undersigned takes judicial notice of federal court records which establish that Jarrell, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed pursuant to the provisions of 28 U.S.C. § 1915 as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants immune from suit.[2]  The actions on which this court relies in finding a § 1915(g) violation by the plaintiff include:  (1) *Jarrell v. Moulton*, Civil Action No. 1:16-CV-65-MHT-TFM  (M.D. Ala. March 7, 2016); (2) *Jarrell v. Smith*, Civil Action No. 1:16-CV-70-MHT-TFM (M.D. Ala. March 3, 2016); and (3) *Jarrell v. Lewis*, Civil Action No. 1:16-CV-107-MHT-TFM (M.D. Ala. March 31, 2016).

In the instant complaint, Jarrell presents claims attacking the constitutionality of his arrest on September 18, 2014 and other actions which occurred during this arrest.  The court has carefully reviewed Jarrell's claims for relief.  Based on this review, it is clear that the allegations made by Jarrell fail to demonstrate he was "under imminent danger of

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, cert. denied, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  In *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 921 (2007), the Supreme Court abrogated Rivera but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."  549 U.S. at 216, 127 S.Ct. at 921.

[2] In determining whether Jarrell has three strikes, this court may take judicial notice of its own records.  *Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010).

serious physical injury" at the time of filing this cause of action as is required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (A prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger of serious physical injury" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g).); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (Imminent danger exception available only when consequence "is 'serious physical injury[.]'"). Consequently, Jarrell cannot avoid the "three strikes" bar of 28 U.S.C. § 1915(g).

In light of the foregoing, the court concludes that Jarrell's motion for leave to proceed *in forma pauperis* is due to be denied and this case summarily dismissed without prejudice as Jarrell failed to pay the requisite filing and admininstrative fees upon initiation of this case. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he initiates the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motion for leave to proceed *in forma pauperis* filed by George Edward Jarrell on August 10, 2016 (Doc. No. 2) be DENIED.

2.  This case be dismissed without prejudice for the plaintiff's failure to pay the full filing and administrative fees upon the initiation of this case.

It is further ORDERED that on or before September 1, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 17th day of August, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE